IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                              Case Nos.:      4:14cr47/MW/CAS
                                                 4:17cv345/MW/CAS

DERRICK DWAYNE MACKEY,
   Reg. No. 23102-017,
   Defendant.

---

## REPORT AND RECOMMENDATION

This matter is before the court upon the amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Derrick Dwayne Mackey ("Mackey"). (ECF No. 102.) The Government has filed a response (ECF No. 112) and Mackey filed a reply. (ECF No. 113.) The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After reviewing the record, the court recommends that Mackey's § 2255 motion be denied without an evidentiary hearing. *See* Rules Governing Section 2255 Cases 8(a) and (b).

## I.     BACKGROUND

On August 5, 2014, Mackey was charged in a single count indictment with possession with intent to distribute an indeterminate amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).   (ECF No. 1.)   The charges stemmed from a December 13, 2013, traffic stop for speeding, during which law enforcement discovered cocaine secreted in the rental vehicle Mackey was driving.

On January 5, 2015, Mackey, through appointed counsel Barbara Throne, filed a Motion to Suppress Physical Evidence and Statements. (ECF No. 31.)    Mackey sought to suppress the seizure of the cocaine as a violation of his Fourth Amendment right and moved "to suppress any and all evidence flowing from the illegal *Terry [v. Ohio*, 492 U.S. 1 (1968)] stop and searches of his person and vehicle, including statements he made to the police while detained."   (*Id*. at 1.)   Mackey asserted that the officer who conducted the stop had unlawfully continued to detain him after issuing the citation for speeding.

The officer's written report reflected that during the traffic stop he could smell the odor of marijuana emanating from Mackey's vehicle, and he asked for, and was given, consent to search the vehicle.   (ECF No. 31 at

2-3.)   The search uncovered four black-taped packages containing suspected powder cocaine, but no evidence of marijuana or related drug paraphernalia.   Mackey, who had a pair of latex gloves in his pocket at the time of his arrest, told law enforcement at the scene that they would not find his fingerprints on the packages.   The defense argued that this statement should be suppressed because Mackey was not given his *Miranda* warnings until he was taken to the station.

At the January 15, 2015, hearing on the motion to suppress, the court denied the motion as to both the narcotic evidence and the statements attributed to Mackey.   (ECF No. 106 at 18.)[1]   It found, after hearing testimony from Officer Kevin Anderson who conducted the stop and from Defendant Mackey, that the initial stop was reasonable.   (*Id.* at 15; ECF Nos. 38, 39 (testimony transcribed separately).)   The court also credited Officer Anderson's testimony that he smelled marijuana, and that the officer requested, and was given, consent to search.   (ECF No. 106 at 16-17.)   The court found that law enforcement was not required to give *Miranda* warnings at the scene of the traffic stop because there was no interrogation

---

[1] Counsel did not request a finding beyond that announced by the court.

Case Nos.: 4:14cr47/MW/CAS; 4:17cv345/MW/CAS

Page **4** of **20**

or questioning, and it concluded that Mackey had volunteered the information about his fingerprints. (*Id.*)

On January 27, 2015, a grand jury returned a superseding indictment, charging Mackey with possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(ii)(II) on a date certain. (ECF No. 40.)

The court scheduled a March 6, 2015, hearing on a motion in limine filed by the Government, at which time Mackey indicated his desire to enter a guilty plea. (ECF Nos. 60, 63, 64.) He did so without the benefit of a written plea agreement.

In the Presentence Investigation Report ("PSR"), the probation officer calculated Mackey's base offense level as 28, and applied two, two level adjustments for possession of a firearm and obstruction of justice. (ECF No. 85, PSR ¶¶ 23-31.)[2] Mackey did not receive a three-level adjustment for acceptance of responsibility due to his delay in entering a guilty plea and his obstructive conduct and comments during the proceedings. His

---

[2] The "Revised Final PSR" entered on the docket after judgment (ECF No. 85) does not reflect adjustments to the offense level calculations that were made at sentencing.

Case Nos.: 4:14cr47/MW/CAS; 4:17cv345/MW/CAS

criminal history category was II, and the applicable advisory guidelines range was 135 to 168 months.   (PSR ¶¶ 51, 94.)

At sentencing on July 21, 2015, the court granted the defense objection as to drug quantity and found that Mackey's base offense level should be 26, rather than 28.   This produced an amended guideline imprisonment range of 108 to 135 months.   (ECF No. 84 at 1; ECF No. 92 at 196-197.)   The court sentenced Mackey to a term of 120 months' imprisonment. (ECF No. 83; ECF No. 92 at 207.)

Mackey appealed his sentence, arguing that the district court erred by relying on the testimony of cooperating witness Aisha Lawal to support his sentencing enhancements.   (ECF No. 97.)   The Eleventh Circuit found no error and affirmed on May 2, 2016.

Mackey timely filed his original § 2255 motion, dated July 24, 2017, and he subsequently filed an amended motion pursuant to court order. (ECF Nos. 99, 101, 102.)   Mackey contends that counsel was constitutionally ineffective for calling Ms. Lawal as a witness at sentencing without having spoken to her or prepared in advance, and for not moving to suppress the contents of one of the cell phones seized by law enforcement.

## II.   ANALYSIS

### A. Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014).   Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to section 2255 are extremely limited.   A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).   "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"   *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.   *Massaro v.*

*United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012).

B. Ineffective assistance of counsel

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th

Cir. 2007). Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218 F.3d at 1314.

To establish prejudice, defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been

different.  *Strickland*, 466 U.S. at 694.  "The likelihood of a different result must be substantial, not just conceivable."  *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*).  In the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.  *Glover v. United States*, 531 U.S. 198, 203–04 (2001).

To establish ineffective assistance, a defendant must provide factual support for his contentions regarding counsel's performance.  *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).  Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.  *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)).  Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim.  *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

1. <u>Sentencing Witness (Grounds One and Two)</u>

Mackey first two grounds for relief assail counsel's decision to call Aisha Lawal as a witness at sentencing. Mackey asserts that counsel should not have called Ms. Lawal because her testimony resulted in the application of sentencing enhancements regarding a firearm and drug amount that would not otherwise have applied (Ground One), and that counsel should have investigated Ms. Lawal and the substance of her

testimony before calling her as a witness (Ground Two).   (ECF No. 102 at 4, 5.)   Mackey asserts he told his lawyer that Ms. Lawal was angry about their break-up and she was potentially the subject of prosecution herself. (ECF No. 100 at 3.)   He claims that counsel neither interviewed nor communicated with Ms. Lawal before sentencing, but instead she called Ms. Lawal as a witness over Mackey's strenuous objection. (*Id.*).

At sentencing, the Government presented the testimony of Special Agent Matthew Vickers of the Drug Enforcement Administration.   Special Agent Vickers testified about statements made to him by Aisha Lawal about Mackey's involvement in drug trafficking activities.   (ECF No. 92 at 24-33.) Agent Vickers testified that he spoke with Ms. Lawal once in person and once over the phone after listening to telephone conversations between her and Mackey while Mackey was in custody.   Ms. Lawal told Agent Vickers she had seen Mackey with a "brick" of suspected cocaine on a number of occasions, and that she herself had provided cocaine to an individual upon Mackey's instructions.   She also described how Mackey repackaged cocaine, which was, unbeknownst to her, the same packaging method used on the cocaine recovered from the rental car on the date of Mackey's

arrest.   Finally, she admitted to Vickers that there had been a small safe in a closet in her and Mackey's bedroom that contained drugs and a gun.

"A sentencing court may consider any information, (including hearsay), regardless of its admissibility at trial… provided that the evidence has sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence." *United States v. Ghertler*, 605 F. 3d 1256, 1269-1271 (11th Cir. 2010) (quoting *United States v. Baker*, 432 F. 3d 1189, 1253 (11th Cir. 2005)); *United States v. Holmes*, 767 F. App'x 831 (11th Cir. 2019) (citing *Ghertler*); *see also* U.S.S.G. § 6A1.3(a) (a court "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.")   Thus, Ms. Lawal's hearsay statements were properly presented to the district court for its consideration.

Defense counsel subpoenaed and called Ms. Lawal to testify.   (ECF No. 92 at 61-106.)   During her direct examination, Ms. Lawal confirmed that she had not been granted immunity for either her conversations with law enforcement or her testimony at sentencing.   (*Id.* at 66-67.)

Nonetheless, she admitted having seen Mackey break down cocaine, mix it with baking soda, and rewrap it in her kitchen, she admitted personally having given someone cocaine for cash on Mackey's behalf, and she admitted that Mackey cooked cocaine in her house.  (*Id.* at 66-67, 74, 90-93.)   Ms. Lawal also testified that she took the cocaine from the safe in her and Mackey's bedroom and gave it to an individual named J.J..   She described the cocaine as "one was circular and flat and the other one was like a powdery substance."  (*Id.* at 69-74.)   Much of her testimony corroborated what Agent Vickers testified Ms. Lawal had told him.   However, defense counsel also elicited testimony about Ms. Lawal's animosity towards Mackey.   Ms. Lawal admitted that she and Mackey argued because he would lie to her about what he was doing with other women.   (*Id*. at 95-96.)   The defense introduced a five-page angry letter Ms. Lawal had sent to Mackey in November of 2014 that opened by her telling Mackey how much she hated him, then talked about his drug activity and the time he spent with other women who drove the cars Lawal had rented.  (*Id.* at 99-106.)   Ms. Lawal's potential bias against Mackey was clear by the end of her testimony, and counsel argued that Ms. Lawal's

testimony should not be credited because of her "motive to exaggerate." (*Id.* at 166.)

The court found Ms. Lawal's testimony to be credible, noting that despite her "hav[ing] an axe to grind," her testimony about what she observed was "rather innocuous," which added to her credibility. (ECF No. 92 at 171.) It accepted Ms. Lawal's testimony about the gun being in the safe with the drugs, and used that weapon as a basis for the two-level guidelines adjustment.[3] (*Id*. at 172.) The court also found Ms. Lawal's testimony about Mackey's involvement with other drugs was corroborated, but nonetheless used "an incredibly conservative estimate" to find Mackey responsible for just over two kilograms of cocaine. (*Id*. at 194-96.) This resulted in a two-level reduction in the guidelines level originally assessed in the PSR.

---

[3] Section 2D1.1(b)(1) of the Sentencing Guidelines provides that if a dangerous weapon (including a firearm) was possessed during a drug trafficking offense, then a defendant's offense level should be increased by two levels, unless it is clearly improbably that the weapon was connected to the offense. *See United States v. Stallings*, 463 F. 3d 1218, 1220 (11th Cir. 2006). The Government must establish by a preponderance of the evidence that the firearm was present at the site of the charged conduct or prove that defendant possessed a firearm during conduct associated with the offense of conviction. *Id.* Another witness whose testimony was discounted had told law enforcement Mackey was known to carry a .40 caliber handgun in his waistband. (ECF No. 85, PSR ¶ 9; ECF No. 92 at 50, 172-73.)

Case Nos.: 4:14cr47/MW/CAS; 4:17cv345/MW/CAS

Without Ms. Lawal's testimony, counsel would have had no basis to impeach her and undermine the effect of her statements against Mackey. Although defense counsel ultimately did not convince the court that Ms. Lawal's testimony was unreliable, it was within the realm of competent representation to set forth the testimony about Ms. Lawal's bias. *Dingle*, 480 F. 3d at 1099. A witness holding personal animosity towards a defendant, or who has a desire to help him or herself by securing a sentence reduction or immunity from prosecution, may exaggerate the evidence against a defendant. Thus, counsel is looking out for her client's interest by ensuring evidence of potential bias or ulterior motives is before the district court. This case is perhaps unusual in that the court found that Ms. Lawal's possible animosity towards Mackey weighed in favor of her credibility in light of her relatively "innocuous" but also corroborated testimony. The court cannot find that no reasonable attorney would have called Ms. Lawal at sentencing, and defense counsel was not constitutionally ineffective for doing so.

Mackey's second complaint, that his Sixth Amendment rights were violated because counsel did not speak to Ms. Lawal ahead of her testimony, is also without merit. It is clear from the nature and scope of

Ms. Thorne's questions of the witness that she had prepared for the testimony. Mackey does not suggest how the outcome of the proceedings would have changed or what additional information counsel would have learned from Lawal by speaking directly to her before her testimony, if in fact Ms. Lawal would have been willing to talk to counsel, given the potential for self-incrimination. He is not entitled to relief on either ground.

### 2. Motion to Suppress

Mackey's third claim for relief is that his attorney was ineffective "at sentencing" because she did not move to suppress incriminating information discovered in a cell phone that federal law enforcement allegedly seized during a warrantless search of the rental vehicle after it had been impounded by state authorities. (ECF No. 100 at 2-3.) Mackey asserts he chose to plead guilty rather than go to trial because the cell phone was not suppressed, (ECF No. 102 at 7), although his complaint targets counsel's actions at sentencing, well after he had decided to plead guilty. (ECF No. 100 at 4.)

When counsel's alleged ineffectiveness involves a failure to competently litigate a Fourth Amendment claim, to demonstrate actual prejudice, a defendant must prove that his Fourth Amendment claim is

meritorious and that there is a reasonable probability that the outcome of the proceedings would have been different absent the excludable evidence. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *Green v. Nelson*, 595 F.3d 1245, 1251-52 (11th Cir. 2010).   Regardless of whether a defendant's guilt is established by the excludable evidence, the proper question is whether the outcome of the proceedings would have been different had the motion to suppress been filed and the evidence been excluded.   *Jones v. United States*, 224 F.3d 1251, 1259 (11th Cir. 2000).

As noted above, Mackey's counsel did file a motion to suppress. The motion encompassed "any and all evidence flowing from the illegal *Terry* stop and searches of [Mackey's] person and vehicle."   Thus, had the motion to suppress been granted, all evidence flowing from the search, including the cocaine and the cell phones, would have been suppressed.

At the suppression hearing, Corporal Anderson of the Madison County Sheriff's Office did not mention finding cell phones in Mackey's vehicle.   (ECF No. 38.)   However, at sentencing, Agent Vickers noted that two cell phones were recovered incident to Mackey's arrest.   (ECF No. 92 at 33.)   Agent Vickers further testified that, post-*Miranda*, Mackey consented to a search of these phones, and Mackey answered questions

about the contents of the phones.  (*Id*. at 36, 39.)  Because Mackey consented to the search, a warrant was not necessary, and his assertion otherwise is without merit.  Furthermore, a valid guilty plea waives his Fourth Amendment claim.  *See Class v. United States*, 138 S. Ct. 798, 803, 805 (2018) (citing *Haring v. Prosise*, 462 U.S. 306, 320 (1983) (noting that a guilty plea waives a defendant's right "to challenge the admissibility of evidence obtained in violation of the Fourth Amendment").  Mackey's final ground for relief is without merit.

### III.   CONCLUSION

An evidentiary hearing is not necessary for this court to resolve Mackey's claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief."  *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015).  For the foregoing reasons, the court finds that Mackey has not shown that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.  Therefore, Mackey's motion should be denied in its entirety.

## IV.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The amended motion to vacate, set aside, or correct sentence (ECF No. 102) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 19th day of August, 2019.

        s/ Charles A. Stampelos
        **CHARLES A. STAMPELOS**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636**.